**Manjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–74512.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 23, 2008.

Martin Avila Robles, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioner.

Patrick James Glen, James A. Hunolt, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

MEMORANDUM **

This is a petition for review of a Board of Immigration Appeals' ("BIA") denial of petitioner's third motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002).

The BIA denied petitioner's motion to reopen as both time and number barred under 8 U.S.C. § 1229a(c)(7)(A) and (C); 8 C.F.R. § 1003.2(c)(2) (providing time and number limitations). Petitioner sought reopening based on his changed personal circumstances in that he married an asylee who had obtained asylum status prior to their marriage. The BIA did not abuse its discretion in denying the motion to reopen because petitioner exceeded the time and number limitations to motions to reopen and did not demonstrate changed country

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conditions in India. *See Chen v. Mukasey,* 524 F.3d 1028, 1032 (9th Cir.2008) (holding that an alien subject to a final order of removal who exceeds the time and number limits to motions to reopen and seeks to apply for asylum must meet the § 1229a(c)(7) exceptions for changed country conditions).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

The motion for a stay of removal pending review is denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**